UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 4:18-cv-07595-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 2, 4 |

On May 25, 2018, Plaintiff Archibald Cunningham filed this civil action and application to proceed *in forma pauperis*. Since Plaintiff was previously found to be vexatious, his complaint was subject to a prefiling order. While his complaint included some of the same parties and claims covered by the prefiling review order, the district court found that it also included parties and certain claims that were arguably outside its scope, so, on November 20, 2018, the court granted leave to proceed on the new complaint. (Dkt. No. 1.)[1]

Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] This case was not opened until December 19, 2018.

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens

2

of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging various civil rights violations against many of the same individuals he sued in an earlier civil rights matter. *See* Compl., *Cunningham v. Singer*, No. 14-cv-03250-WHA (N.D. Cal. Jul. 18, 2014), ECF No. 1. Plaintiff, however, fails to identify which specific facts give rise to each cause of action. Instead, Plaintiff incorporates all proceeding paragraphs, which is improper. Moreover, many of the facts appear to be background facts, because the conduct described either occurred outside the statute of limitations period and/or appears to have been the subject of prior litigation. This makes it impossible to ascertain which facts pertain to each cause of action, and whether some or all of the causes of action are barred by res judicata. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing an amended complaint by **March 8, 2019**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants

3

in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Additionally, the case management conference scheduled on February 19, 2019 is continued to **May 21, 2019** at 1:30 p.m., Courtroom 4, 1301 Clay Street, Oakland, California.

IT IS SO ORDERED.

Dated: February 6, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

4