UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD ROBERT CUNNINGHAM, <br> Plaintiff, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br> Defendants. | Case No. 4:18-cv-07595-KAW <br><br> **SCREENING ORDER REVIEWING PLAINTIFF'S FIRST AMENDED COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 14 |

On May 25, 2018, Plaintiff Archibald Cunningham filed this civil action and application to proceed *in forma pauperis*. Since Plaintiff was previously found to be vexatious, his complaint was subject to a prefiling order. While his complaint included some of the same parties and claims covered by the prefiling review order, the district court found that it also included parties and certain claims that were arguably outside its scope, so, on November 20, 2018, the court granted leave to proceed on the new complaint. (Dkt. No. 1.) On February 6, 2019, the Court granted the application to proceed *in forma pauperis* and then screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and concluded that it was deficient. (Dkt. No. 8.) On April 5, 2019, Plaintiff filed a first amended complaint, which the Court again screens pursuant to § 1915, and once again concludes that the complaint is deficient.

### I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens

2

of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff's the first cause of action[1] attempts to resurrect the loss of Plaintiff's property via prior state court action under the guise of federal civil rights statutes. (First Am. Compl., "FAC," Dkt. No. 14 ¶¶ 139-145.) To the extent that Plaintiff is alleging malicious prosecution, that is duplicative of the second cause of action. (*See* FAC ¶ 140f.) All other allegations in the first cause of action are barred by the two-year statute of limitations.

The second cause of action for malicious prosecution is partially viable. (FAC ¶¶ 146-158.) The statute of limitations for malicious prosecution is two years from the date the criminal charges resolve in the plaintiff's favor, and the charges from Plaintiff's third arrest were dismissed on or around May 28, 2016. (FAC ¶ 6.) Since Plaintiff filed his original complaint on May 25, 2018, that claim is not time-barred. That said, any claims based on charges dismissed prior to May 25, 2016, including those dismissed on January 14, 2015, are time-barred, so the second amended complaint should only address the last set of charges. (*See* FAC ¶ 116.)

The third cause of action is for denial of procedural due process and the fourth cause of action for conspiracy to interfere with civil rights pertaining to his alleged wrongful arrest in 2015 are barred by the two-year statute of limitations for § 1983 claims pursuant to California Code of Civil Procedure § 335.1. (FAC ¶¶ 173-177.) The fifth cause of action for neglect to prevent the conspiracy of Defendants Singer, Coombs, and McKay (FAC ¶¶ 178-182) is similarly time-barred.

Similarly, the sixth cause of action is time-barred as to all allegations with the exception of those relating to malicious prosecution. (FAC ¶¶ 183-187.) That means that in amending, for example, Plaintiff cannot properly allege facts pertaining to the loss of his property or the court-appointed receiver's alleged unauthorized practice of law. (*See* FAC ¶ 183.)

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review. Generally, in amending, Plaintiff should identify which particular defendant each of the

---

[1] Plaintiff uses "claim for relief" and then divides those claims into "counts," which is improper and nonsensical. Plaintiff's second amended complaint must clearly list all causes of action as sequentially-numbered "causes of action." To do otherwise runs afoul of the Federal Rules of Civil Procedure.

3

remaining two causes of action are against. He is reminded that any claims pertaining to the loss of his condominium are not actionable nor are any other claims that were previously litigated. Plaintiff is also advised that he should attach relevant documents to his second amended complaint as marked exhibits in lieu of stating that he will file a request for judicial notice at a later date. Alternatively, Plaintiff may simply allege the facts relevant to his claims and avoid attaching and incorporating documents to the complaint.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing a second amended complaint by **January 24, 2020**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in properly pleading the viable claims.

Finally, the case management conference set for February 11, 2020 is continued to **April 7, 2020** at 1:30 p.m. in Courtroom 4, U.S. District Court, 1301 Clay Street, Oakland, California. Case management statements are due on or before March 31, 2020.

IT IS SO ORDERED.

Dated: December 20, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4